UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID B. MCLEMORE,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST FIBER, INC.,<br><br>Defendant. | Case No. 09-cv-1295 |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant, Midwest Fiber, Inc., on October 1, 2009 [Doc. 8]. The Motion is GRANTED.

### BACKGROUND

Plaintiff, David B. McLemore, filed a Charge of Discrimination with the Equal Employment Opportunity Commission on May 19, 2009. In that Charge, he alleged that he was discriminated against on account of his age. The Charge indicates that his last date of employ was June 30, 3008 and that date is listed as the latest date that discrimination occurred. Plaintiff received a Notice of Right to Sue which was mailed on June 8, 2009. Plaintiff subsequently filed a *pro se* Complaint with this Court on August 25, 2009 [Doc. 1].

Defendant filed its Motion to Dismiss on October 1, 2009 [Doc. 8] and attached the Charge of Discrimination. Plaintiff was notified of the filing of the Motion to Dismiss and further was warned about the failure to respond. Specifically, Plaintiff was warned that the failure to respond may result in a granting of the Motion to Dismiss and termination of this case [Doc. 11]. Plaintiff

nonetheless has failed to respond within the time provided by Local Rule 7.1(B)(2). Therefore, this Court presumes that Plaintiff has no opposition to the Motion.

## DISCUSSION

Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff fails to state a claim upon which relief may be granted because his Charge of Discrimination was untimely. In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view a complaint in a light most favorable to the plaintiff. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). The Court must accept all well-pleaded factual allegations and draw all reasonable inferences from those facts in favor of the plaintiff. Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006). A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. Massey v. Merrill Lynch and Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006).

In Illinois, a plaintiff must file a Charge of Discrimination with the EEOC within 300 days of the discriminatory conduct. 42 U.S.C. § 2000e-5(e)(1); Filipovic v. K&R Exp. Systems, Inc., 176 F.3d 390, 395-396 (7th Cir. 1999). Defendant claims that Plaintiff failed to file a timely charge because the last day of any alleged discriminatory conduct was June 30, 2008 (the day his employment ended) and the Charge was not received until May 19, 2009, some 323 days. "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475-476 (7th Cir. 2009) (noting that regulations provide that a Charge is filed upon receipt by the EEOC). Therefore,

because Plaintiff filed an untimely Charge of Discrimination, he is precluded from filing this lawsuit.

Generally, a statue of limitations defense is an affirmative defense, subject to rebuttal, that usually must be resolved upon summary judgment or trial. See Laouini, 586 F.3d at 475. However, if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statue of limitation," dismissal may be appropriate. United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005). The Complaint itself does not refer to any dates when alleged discriminatory action occurred. However, Plaintiff attached the "Notice of Right to Sue" letter to his Complaint. Defendant also has provided the Charge of Discrimination that is referred in Plaintiff's Complaint (specifically, Plaintiff refers to the Charge Number, 440-2009-03527, and states that he filed the Charge with the Chicago District office of the EEOC). This Court may properly consider the Charge of Discrimination without converting the Motion to Dismiss into a Motion for Summary Judgment. See Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002). Plaintiff has offered no reason why this matter should not be dismissed as untimely. Therefore, because it is plain that Plaintiff filed his Charge of Discrimination beyond the 300 day period, his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Midwest Fiber, Inc. [Doc. 8] is GRANTED.  This matter is DISMISSED WITH PREJUDICE.

CASE TERMINATED.


Entered this 29th day of January, 2010

s/ Joe B. McDade<br>
JOE BILLY MCDADE<br>
United States District Judge